IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NASHVILLE PALM RESTAURANT, LLC, ET AL. | ) ) ) | |
| v. | ) ) | No. 3:07-0594 Judge Trauger/Bryant |
| MARY A. WALSH | ) | |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

### I. Introduction

This matter has been referred to the undersigned for an expedited report and recommendation on plaintiff Discover Property & Casualty Insurance Company's ("Discover's") cross-motion for summary judgment (Docket Entry No. 32). This referral was accomplished by the District Judge's order of August 18, 2008 (Docket Entry No. 40), whereby the motion of defendant Mary A. Walsh ("Walsh") to dismiss this declaratory judgment action on jurisdictional grounds was denied. As noted by District Judge Trauger, there has been no response by Walsh to Discover's cross-motion for summary judgment, nor to the statement of undisputed material facts Discover filed in support of its cross-motion. Despite the denial of Walsh's jurisdictional motion to dismiss, she has renewed her objections to this court's exercise of personal jurisdiction over her, and to its jurisdiction over the

1

subject matter of this action. (Docket Entry No. 43 at ¶ 4) Walsh renewed these objections in an affidavit that was filed as directed by Judge Trauger's order. (Docket Entry No. 40 at 3) However, despite being further ordered to file an answer to plaintiffs' First Amended Complaint, id. at 2, Walsh has elected to stand on these previously overruled jurisdictional objections as her sole defenses to this lawsuit, apparently on the advice of her Massachusetts attorney.

As further explained below, the undersigned finds that Discover's unopposed cross-motion for summary judgment is well taken with respect to the statute of limitations bar to any personal injury claim by Walsh, but not with respect to the apparent claim that Discover, through its claims adjuster GAB Robins North America, Inc., dealt with Walsh in bad faith when negotiating the settlement of her claim against the liability insurance coverage provided by Discover to Palm. Accordingly, the undersigned recommends that Discover's cross-motion be GRANTED IN PART and DENIED IN PART.

**II. Background**

The following portions of the undersigned's prior report and recommendation have been adopted by the district court:

**Statement of the Case**
Plaintiffs Nashville Palm Restaurant, LLC ("Palm")

2

and GAB Robins North America, Inc. ("GAB") filed this action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment (1) that Tennessee law governs all personal injury claims by defendant Mary Walsh arising from her slip and fall at the Palm Restaurant in Nashville, Tennessee, on November 18, 2004; (2) that all such claims are time-barred by Tennessee's one-year statute of limitations; (3) that Colorado law or, alternatively, Tennessee law governs defendant Walsh's claim of bad faith claim settlement practices; and (4) that under either Colorado or Tennessee law Ms. Walsh's bad faith settlement practices allegations fail to state a claim.

Plaintiffs thereafter filed an amended complaint (Docket Entry No. 19), which added Discover, the premises liability insurance carrier for Palm, as an additional plaintiff.

Ms. Walsh, proceeding pro se, has filed her motion to dismiss, referenced above, asserting lack of personal jurisdiction and other defenses.

### Summary of the Facts

From the record before the Court, it appears that on November 18, 2004, defendant Mary Walsh, a resident of Massachusetts, was visiting Nashville, Tennessee, when she experienced a fall in the Palm Restaurant there. Ms. Walsh soon thereafter notified the restaurant that she had suffered a broken arm in this accident.

Plaintiff GAB, a claims adjusting company, through employees in its Denver office, telephoned Ms. Walsh in early December 2004 and notified her that GAB would be handling her claim arising from this incident. Between December 2004 and October 2005, several GAB adjusters had conversations with Ms. Walsh seeking her medical records and bills in order to evaluate her claim. In late September and October 2005, GAB adjusters made settlement offers to Ms. Walsh, which Ms. Walsh declined to accept.

In December 2005, Ms. Walsh telephoned a GAB adjuster about her claim and was informed by the adjuster that the Tennessee one-year statute of limitations had expired.

Thereafter, on April 10, 2007, a Massachusetts attorney representing Ms. Walsh wrote a demand letter to GAB and the Palm asserting claims on behalf of Ms. Walsh, including claims that GAB and Palm had engaged

3

>        in unfair and deceptive claims handling practices in
>        violation of various Massachusetts statutes.  This
>        letter stated that Ms. Walsh would institute litigation
>        unless her settlement demand was met within thirty
>        days.  (Docket Entry No. 7-2).
>             The complaint in this declaratory judgment action
>        was filed on May 30, 2007.  (Docket Entry No. 1).
>             Sometime thereafter, Ms. Walsh filed suit against
>        GAB, Palm and Discover in Massachusetts state court.
>        (Docket Entry No. 33-1).

(Docket Entry No. 38 at 2-4)

Walsh's coercive case in state court has since been removed to the United States District Court for the District of Massachusetts, where she is represented by counsel and presently awaits ruling on a motion by GAB to dismiss, stay or transfer the case to this district.  See Docket Entry No. 40 at 2; Docket Entry No. 43.

Additionally, as referenced above, Discover's statement of facts material to its cross-motion for summary judgment has not drawn a response from Walsh.  Pursuant to Rule 56.01(g) of this court's Local Rules, this failure to respond results in such facts being deemed undisputed for purposes of summary judgment.  Accordingly, the facts contained in Discover's statement (Docket Entry No. 34) are incorporated herein by reference.

### III.  Discussion

The standard applicable to this court's review of a
4

motion for summary judgment is well settled.[1]  There is no
dispute over the facts material to the issue of which state's
substantive law -- Tennessee's or Massachusetts' -- provides the
applicable statute of limitations governing Walsh's claim for
personal injury as a result of Palm's negligence.  Applying
Tennessee's choice of law rules to this diversity action,
<u>Andersons, Inc. v. Consol, Inc.</u>, 348 F.3d 496, 501 (6th Cir.
2003), the analysis of which state's substantive law provides the
rule of decision is reduced to a determination of which state has
the "most significant relationship" to the action, which in the
case of a personal injury action will be the law of the state
where the injury occurred, unless some other state has a more
significant relationship to the occurrence and the parties.
<u>Hataway v. McKinley</u>, 830 S.W.2d 53, 57-60 (Tenn. 1992).[2]  It is
undisputed that the only connection between this personal injury
cause of action and Massachusetts is that Walsh is a resident of

---

[1] Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted forthwith where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." <u>Fed. R. Civ. P.</u> 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). In determining whether the movant has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. <u>Matsushita Electric Indus. Co. v. Zenith Radio Corp.</u>, 106 S.Ct. 1348, 1356 (1986).  In order to withstand summary judgment, the nonmoving party "may not rest on its pleadings, but must come forward with [admissible] evidence from which a rational trier of fact could find in its favor." <u>Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.</u>, 176 F.3d 921, 926 (6th Cir. 1999).

[2] This is the same test employed by the state of Massachusetts, whose Supreme Judicial Court has endorsed the application of another state's law in a case similar to the one at bar, where the only factor favoring the application of Massachusetts law was that state's "general interest in having its residents compensated for personal injuries suffered in another State." <u>Nierman v. Hyatt Corp.</u>, 808 N.E.2d 290, 293 (Mass. 2004).

5

Case 3:07-cv-00594   Document 44   Filed 09/19/08   Page 5 of 12 PageID #: 341

that state. Tennessee is the place where the injury and the conduct alleged to have caused it occurred, and the place where Palm was incorporated as a limited liability company and is doing business. Thus, Tennessee is plainly the state with the most significant relationship to the personal injury cause of action. See id.

Tennessee applies a one-year statute of limitations to personal injury actions. Tenn. Code Ann. § 28-3-104(a). It is undisputed that Walsh suffered her injury on November 18, 2004. Walsh thereafter engaged in settlement negotiations with GAB, the adjuster of her claim against Palm, through December of 2005 at the latest. According to the demand letter served by Walsh's Massachusetts attorney upon plaintiffs here and made exhibits to her state court complaint (Docket Entry No. 33, Exh. 1),

> In December 2005, Ms. Walsh again contacted GAB Robins in good faith to continue settlement negotiations. Ms. Walsh was informed that Beverly Brophy was the new insurance adjuster assigned to her claim. Ms. Brophy informed Ms. Walsh to her dismay that the state of Tennessee had a one-year statute of limitation for [t]ort actions and that her claim had been denied.

Id. at attachment A, p. 4. Viewing these facts in the light most favorable to Walsh, even if her personal injury cause of action were deemed not to have accrued (or the operation of § 28-3-104(a) were deemed tolled) until as late as December 2005 -- when she allegedly received notice of the one-year Tennessee statute of limitations and the fact that her claim, for which some extent

6

of liability had previously been presumed, was finally denied --
she still waited nearly two years before filing suit in
Massachusetts state court, in October of 2007. To the extent
that Walsh could conceivably have argued an equitable estoppel
effecting plaintiffs' waiver of the statute of limitations
defense, see Hardcastle v. Harris, 170 S.W.3d 67, 84-86 (Tenn.
Ct. App. 2004), she has foregone the opportunity to dispute the
affidavit testimony and other proof of GAB's straightforward
handling of her claim (Docket Entry No. 8). Accordingly, there
does not appear to be any scenario under which the one-year
Tennessee statute of limitations would not bar Walsh's claim for
personal injury.

   The undersigned remains unconvinced that the
declaratory judgment sought here is the most desirable vehicle
for the adjudication of this affirmative defense, inasmuch as
Walsh's personal injury claim is not currently before this court,
but is pending before another federal district court where the
parties occupy their natural positions in relation to the
underlying tort, where Walsh is represented by counsel of record,
and where the court's jurisdiction at the time of removal was
undisputed. Cf. Pakideh v. Ahadi, 99 F.Supp.2d 805, 808-09 (E.D.
Mich. 2000). Nonetheless, given the undisputed facts referenced
above, the result of choice of law analysis in this case was
foreordained no matter the forum, and the declaration here and

7

now that Tennessee law bars Walsh's personal injury claim does no more harm to Walsh's interests than would a future such finding in the coercive suit by the Massachusetts district court, or this court upon the likely transfer of that suit.

However, with respect to Walsh's statutory claim of bad faith, the undersigned cannot recommend that this court declare the parties' positions as Discover would have them declared and effectuated. Discover asks this court to enter summary judgment declaring that Tennessee law or, alternatively, Colorado law applies to any bad faith cause of action by Walsh, and that under either state's law "a third-party personal injury claimant who is a stranger to the insurance contract does not have standing to bring a bad faith cause of action against a tortfeasor's insurer or its agent." (Docket Entry No. 32 at 2) In support of this request, Discover argues that neither the applicable section of the state insurance code, Tenn. Code Ann. § 56-7-105 (entitled "Bad Faith Refusal to Pay"), nor the common law of Tennessee allow an individual who is not a party or in privity with a party to the contract of insurance to sue the liability carrier or adjusting agent directly. However, as explained below, Discover gives Walsh's claims of bad faith under Massachusetts law a faulty translation when attempting to correlate them with the law of Tennessee.

Discover relies on the decision of the Tennessee Court

8

of Appeals in <u>Ferguson v. Nationwide Prop. & Cas. Ins. Co.</u>, 218 S.W.3d 42 (Tenn. Ct. App. 2006), to establish that an insurer and its agents who are alleged to have mishandled a claim involving the liability of an insured can only be sued directly by that insured individual. <u>Ferguson</u>, in turn, cites the common law rule as stated in <u>Seymour v. Sierra</u>, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002), that "'Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm.'" <u>Ferguson</u>, 218 S.W.3d at 52. Certainly these authorities establish the proposition that, under Tennessee law, Walsh lacks standing to pursue a direct action for bad faith refusal to pay on the policy issued to Palm, under Tenn. Code Ann. § 56-7-105 or otherwise. However, this is clearly <u>not</u> the proper characterization of the action Walsh is pursuing against Discover and GAB.

Rather, Walsh alleges certain "unfair and deceptive acts and practices" (Docket Entry No. 33, Exh. 1 at ¶ 25; <u>see also</u> Docket Entry No. 7, Exh. 1) by GAB in its investigation and other endeavors toward settlement of Walsh's claim. In so doing, Walsh alleges violations of the Massachusetts laws regulating the business of insurance, M.G.L. § 176D, entitling her to damages by way of the state consumer protection statute, M.G.L. § 93A. <u>Cf. Metropolitan Prop. & Cas. Ins. Co. v. Boston Regional Physical Therapy, Inc.</u>, 538 F.Supp.2d 338, 343 (D. Mass. 2008)("[P]rivate

9

individuals bringing claims for unfair and deceptive acts and practices under Mass. Gen. Laws ch. 93A, §§ 2 and 9 may recover for violations of Mass. Gen. Laws ch. 176D, § 3(9), which defines unfair claim settlement practices[.]"). While the Tennessee code provisions regulating the business of insurance may not correlate with the provisions for the protection of consumers in the way the referenced Massachusetts General Laws do, it is clear that the private right of action provided by the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-109(a)(1), applies to remedy unfair or deceptive acts or practices by insurance companies in the handling of consumer claims, similarly to the bad faith penalty that may be imposed under Tenn. Code Ann. § 56-7-105. Gaston v. Tennessee Farmers Mut. Ins. Co., 120 S.W.3d 815, 822 (Tenn. 2003)(citing Myint v. Allstate Ins. Co., 970 S.W.2d. 920 (Tenn. 1998)).

While Gaston involved claims asserted by the primary insured under both the TCPA and § 56-7-105, Tennessee courts have held that privity of contract is not required in order to claim against an insurance carrier and/or its adjustors under the TCPA. Murphy v. Savage, 2006 WL 1864403, at *4 (Tenn. Ct. App. July 6, 2006); see Heatherly v. Merrimack Mut. Fire Ins. Co., 43 S.W.3d 911, 915 (Tenn. Ct. App. 2000). In rejecting the argument that privity of contract is required, the Tennessee Court of Appeals in Murphy specifically distinguished the sole authority relied

10

upon there by the insurance company and court below -- the same authority relied upon here by Discover, vis-à-vis its citation to Ferguson v. Nationwide Prop. & Cas. Ins. Co. -- as follows:

> Central relies on our statement in *Seymour* [*v. Sierra*, 98 S.W.3d 164 (Tenn. Ct. App. 2002)] that "Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm." *Id.* at 165. Clearly, this statement is not applicable in the matter now before us which involves suit against an insurance carrier under the TCPA for actions alleged to have been committed by the carrier itself, not its client. In the instant case, with regard to violation of the Act, the insurance carrier *is* the defendant who allegedly caused the harm.

Murphy, 2006 WL 1864403, at *4.

Thus, it appears that Walsh in fact has standing to claim under Tennessee law for the alleged unfair and deceptive settlement practices and actions taken in bad faith by GAB and Discover. The undersigned finds no merit in Discover's argument for a declaration to the contrary.

### IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that Discover's cross-motion for summary judgment be GRANTED IN PART and DENIED IN PART. Specifically, it is recommended that the cross-motion be granted with respect to the proposed declaration that Walsh's personal injury claim is barred by the applicable Tennessee statute of limitations; and that the cross-motion be denied with respect to the proposed declaration

11

that Walsh lacks standing to pursue a claim for unfair and deceptive claim settlement practices under Tennessee law.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 19th day of September, 2008.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

12