**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| NASHVILLE PALM RESTAURANT, LLC, ) <br> GAB ROBINS NORTH AMERICA, INC., and ) <br> DISCOVER PROPERTY & CASUALTY ) <br> INS. CO., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> MARY A. WALSH, ) <br> ) <br>     Defendant. ) | Civil No. 3:07-0594 <br> Judge Trauger <br> Magistrate Judge Bryant |

## **MEMORANDUM and ORDER**

The Magistrate Judge has issued a Report and Recommendation (Docket No. 44), to which the plaintiffs have objected in part (Docket No. 45), and the defendant has not responded. Because the Report and Recommendation relates to a dispositive matter, this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(c); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The Magistrate Judge recommended that defendant Walsh's personal injury claim be dismissed with prejudice as time-barred, and the plaintiffs do not object to that recommendation. They do, however, object to the Magistrate Judge's recommendation that Ms. Walsh's alleged claim for bad faith remains alive and may be pursued under the Tennessee Consumer Protection Act.

1

The plaintiffs argue both that the Tennessee Consumer Protection Act claim is likewise time-barred and that this bad faith claim may not be properly brought by Ms. Walsh against the insurance carriers. Because the plaintiffs are correct that any bad faith claim that Ms. Walsh might properly bring under the Tennessee Consumer Protection Act is time-barred, the court need not address whether, in fact, she does have a proper claim under this act.

The statute of limitations for an action under the Tennessee Consumer Protection Act is set out at Tennessee Code Annotated § 47-18-110, which provides as follows:

> Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.

It seems clear that the defendant "discovered" her alleged cause of action for bad faith against the insurance carriers in December of 2005, when she was informed that her claim had been denied and that the one-year statute of limitations for personal injury actions had expired. She then waited nearly two years before filing suit in a Massachusetts state court in October of 2007. Therefore, the one-year statute of limitations for an action under the Tennessee Consumer Protection Act clearly ran prior to Ms. Walsh's filing suit, and this potential cause of action for bad faith, whether or not it is appropriate under the Tennessee Consumer Protection Act, is time-barred.

For the reasons expressed herein, the plaintiffs' Objection is **SUSTAINED**. The Report and Recommendation is **ACCEPTED** to the extent that it recommends that plaintiff Discover Property & Casualty Insurance Company's Cross-Motion For Summary Judgment (Docket No. 32) be granted as to the plaintiffs' personal injury claim. The Report and Recommendation is **REJECTED** as to its recommendation that Discover's Cross-Motion For Summary Judgment be

denied as to Ms. Walsh's bad faith claim. It is hereby **ORDERED** that Discover's Cross-Motion For Summary Judgment (Docket No. 32) is **GRANTED**, and the defendant's claims for personal injury and bad faith against plaintiff Discover are **DISMISSED WITH PREJUDICE**.

This case is returned to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED.**

Enter this 19th day of December 2008.

_____  
ALETA A. TRAUGER  
United States District Judge

3